IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Mishun Tulloch *now known as* Mishun Washington, | ) ) ) ) C.A. No. 7:18-01634-HMH-JDA |
| Plaintiff, | ) ) |
| vs. | ) **OPINION & ORDER** ) |
| Joseph B. Yonce, Jr., *as an individual and in his capacity as Trustee of the* Desmond Young Trust; Desmond Young Living Trust; Suelin Lilly-Ammons; David G. Ingalls, Esq.; Sky Homes LLC; Does 1-100, | ) ) ) ) ) ) ) |
| Defendants. | ) |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Mishun Tulloch n/k/a Mishun Washington ("Plaintiff") filed a motion for summary judgment, Defendant David G. Ingalls ("Ingalls") filed a motion to dismiss for failure to state a claim or, in the alternative, for summary judgment pursuant to Rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure, and Defendants Joseph B. Yonce, Jr. ("Yonce"), Sky Homes LLC ("Sky Homes"), and Suelin Lilly-Ammons ("Lilly-Ammons") filed a motion for summary judgment. (Pl. Mot. Summ. J., ECF No. 121;

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

1

Mot. to Dismiss, ECF No. 122; Def. Mot. Summ. J., ECF No. 123.) Magistrate Judge Austin recommends granting Ingalls' motion to dismiss, granting Yonce, Sky Homes, and Lilly-Ammons' motion for summary judgment, and denying Plaintiff's motion for summary judgment. (R&R, generally, ECF No. 142.) For the reasons set forth below, the court grants Ingalls' motion to dismiss, grants Yonce, Sky Homes, and Lilly-Ammons' motion for summary judgment, and denies Plaintiff's motion for summary judgment.

## I. Factual and Procedural History

This action arises out of a purchase and sales agreement ("purchase agreement") between Plaintiff and Yonce regarding Plaintiff's real property. On June 14, 2008, Yonce, acting as trustee for Desmond Young Trust,[2] agreed to purchase Plaintiff's property at 508 Candlewick County in Moore, South Carolina. (Compl. ¶ 12, ECF No. 1.) The purchase agreement provided that the purchase price for the property was $120,815, with $120,805 representing the amount that Plaintiff owed on the existing mortgage on the property. (Def. Mot. Summ. J. Attach. 3 (Ex. A 2), ECF No. 123-3.) Ingalls, an attorney, represented Yonce and drafted all of the relevant documents. (Compl. ¶ 15, ECF No. 1.) Plaintiff contends that "Yonce promised to remove the mortgage loan [on] the subject property from Plaintiff's name by qualifying . . . Young to assume the loan[.]" (Id. at ¶ 16, ECF No. 1.)

After the closing, Yonce initially paid the monthly mortgage loan amount. (Id. at ¶ 19, ECF No. 1.) However, around 2009, Plaintiff claims that Yonce ceased making timely

---

[2] While the caption lists "Desmond Young Living Trust" as a Defendant, the complaint names "Desmond Young Trust." Nevertheless, Defendants Desmond Young Trust and Desmond Young ("Young") have been previously dismissed from the instant matter. (Jan. 9, 2019 Order, ECF No. 61; Apr.14, 2020 Order, ECF No. 159.)

payments. (Id., ECF No. 1.) Plaintiff alleges that Yonce subsequently made some payments on the mortgage loan but rarely on time. (Pl. Mot. Summ. J. 2, ECF No. 121; Pl. Mot. Summ. J. Attach. 2 (Ex. 2), ECF No. 121-2.) Because the mortgage loan remained in her name, Plaintiff demanded that Yonce make the mortgage loan payments and assume the mortgage loan. (Compl. ¶¶ 19-20, ECF No. 1.) Yonce informed Plaintiff that Young was experiencing credit problems and that Young was attempting to qualify to assume the mortgage loan. (Id. ¶ 20, ECF No. 1.) Young never qualified to assume the mortgage loan, but the property was ultimately sold and the mortgage loan was paid in full in May 2019. (Def. Mot. Summ. J. Attach. 2 (Yonce Aff. ¶¶ 18-19), ECF No. 123-2; Def. Mot. Summ. J. Attach. 7 (Ex. E), ECF No. 123-7; Def. Mot. Summ. J. Attach. 10 (Ex. H), ECF No. 123-10.) Plaintiff contends that Defendants' actions have damaged her credit and ability to purchase another property and have caused her "severe financial and emotional distress." (Compl. ¶ 22, ECF No. 1.)

Plaintiff filed the instant action on June 14, 2018, alleging breach of contract, fraud, conspiracy, and intentional infliction of emotional distress. (Id., generally, ECF No. 1.) On November 7, 2019, Plaintiff filed a motion for summary judgment. (Pl. Mot. Summ. J., ECF No. 121.) Ingalls filed a motion to dismiss for failure to state a claim or, in the alternative, for summary judgment on November 8, 2019. (Mot. to Dismiss, ECF No. 122.) Yonce, Sky Homes, and Lilly-Ammons filed a motion for summary judgment on November 11, 2019. (Def. Mot. Summ. J., ECF No. 123.) The parties have filed responses, amended responses, and a reply regarding the three motions. The magistrate judge filed a Report and Recommendation on February 12, 2020. Plaintiff filed objections, amended objections, and two supplements to her objections to the Report and Recommendation. (Obj., ECF No. 144; Am. Obj., ECF No. 153;

Supp. Obj., ECF No. 155; Second Supp. Obj., ECF No. 157.) Ingalls filed a reply to Plaintiff's objections, and Yonce, Sky Homes, and Lilly-Ammons filed replies to Plaintiff's objections and amended objections. (Ingalls Reply to Obj., ECF No. 154; Def. Reply to Obj., ECF No. 152; Def. Reply to Am. Obj., ECF No. 158.) These matters are now ripe for review.

## II. DISCUSSION OF THE LAW

### A. Statute of Limitations

As an initial matter, the court notes that Plaintiff's claims are time-barred. Actions for breach of contract, fraud, civil conspiracy, and intentional infliction of emotional distress must be commenced within three years. See S.C. Code Ann. § 15-3-530(1), (5); Maher v. Tietex Corp., 500 S.E.2d 204, 207 (S.C. Ct. App. 1998) (breach of contract); Terry v. Allen Univ., No. 2014-UP-192, 2014 WL 2721805, at *1 n.2 (S.C. Ct. App. May 7, 2014) (unpublished) (intentional infliction of emotional distress); Pinder v. Washington, No. 2006-UP-311, 2006 WL 7286057, at *2 (S.C. Ct. App. July 10, 2006) (unpublished) (fraud); Paul v. S.C. Dep't of Transp., No. 2010-UP-504, 2010 WL 10085799, at *1 (S.C. Ct. App. Nov. 19, 2010) (unpublished) (civil conspiracy). Moreover, the claims in the instant matter are subject to the discovery rule. See Maher, 500 S.E.2d at 207; S.C. Code Ann. § 15-3-535. "According to the discovery rule, the statute of limitations begins to run when a cause of action reasonably ought to have been discovered. Rumpf v. Mass. Mut. Life Ins. Co., 593 S.E.2d 183, 187 (S.C. Ct. App. 2004) (citations omitted).

Plaintiff has admitted that the monthly amount owed on the mortgage loan was not paid in a timely manner beginning in 2009 and that she informed Defendants of these late payments "numerous times." (Def. Mot. Summ. J. Attach. 13 (Ex. 2 ¶ 16), ECF No. 123-13.) Thus, the

applicable statute of limitations bars Plaintiff's claims. However, even if Plaintiff's claims were not time barred, Plaintiff's objections to the magistrate judge's recommendation to grant summary judgment to Defendants are without merit. The court will address Plaintiff's specific objections below.

### B. Objections

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Plaintiff's objections are nonspecific, unrelated to the dispositive portions of the Report, or merely restate her claims. However, the court was able to identify two specific objections. Plaintiff objects to the magistrate judge's conclusions that Plaintiff's breach of contract claim fails because she has not identified any evidence that Defendants contracted to assume the mortgage loan or otherwise relieve Plaintiff of her indebtedness in the future and that Plaintiff has failed to prove the first two elements of her intentional infliction of emotional distress claim.

First, Plaintiff objects to the magistrate judge's conclusion that Plaintiff's breach of contract claim fails because Plaintiff has not provided any evidence that Defendants contracted to assume the mortgage loan or otherwise relieve Plaintiff of her indebtedness. (Obj. 3, ECF No. 144.) Plaintiff contends that she has provided evidence based on "emails showing that

Yonce said that he would refinance the loan to Young and get the loan out of [Plaintiff's] name." (Id., ECF No. 144.)

However, in the purchase agreement, Plaintiff explicitly agreed that no one made promises to her that the mortgage loan would be assumed or paid off:

> I [Plaintiff] understand the loan will stay in my name until it's paid off or assumed by a future buyer.
>
> I'm [Plaintiff] aware that the above buyer has no intentions of assuming said loan and that no promises have been made to me that the loan will be assumed or paid off. I agree to hold harmless buyer or assigns shown on the attached agreement, or any future buyer in the event the loan is called due or goes into default for any reason.

(Def. Mot. Summ. J. Attach. 3 (Ex. A 6), ECF No. 123-3.) Moreover, while the emails indicate that Yonce was attempting to relieve Plaintiff of her indebtedness on the mortgage loan, the emails do not reflect that Yonce, or any Defendant, promised to relieve Plaintiff of her obligation. Further, even if the emails evinced a promise, there is an absence of further consideration to alter the purchase agreement. See Layman v. State, 630 S.E.2d 265, 269 (S.C. 2006) ("Once the bargain is formed, and the obligations set, a contract may only be altered by mutual agreement and for further consideration.").

Moreover, related to the breach of contract claim, Plaintiff alleges, in conclusory fashion, good faith and unconscionability. (Obj. 3-6, ECF No. 144.) However, Plaintiff has raised these arguments for the first time in her objections and without any specific allegations. Plaintiff has failed to allege any specific portion of the purchase agreement that was allegedly unconscionable. Moreover, Plaintiff has failed to show that Defendants acted in a manner inconsistent with what the purchase agreement permitted. See Adams v. G.J. Creel & Sons, Inc., 465 S.E.2d 84, 85 (S.C. 1995) ("[T]here is no breach of an implied covenant of good faith

6

where a party to a contract has done what provisions of the contract expressly gave him the right to do.") (citation omitted).  Therefore, Plaintiff has failed to show a genuine issue of material fact regarding the breach of contract claim, and this objection is without merit.

Second, Plaintiff objects to the magistrate judge's conclusion that Plaintiff failed to prove the first two elements of her intentional infliction of emotional distress claim.  Plaintiff appears to argue that she satisfied these elements by showing that Defendants breached the purchase agreement by failing to make monthly payments.[3]  (Am. Obj. 9, ECF No. 153.)  However, these allegations fail to raise a genuine issue of material fact that Defendants "intentionally or recklessly inflicted severe emotional distress, or [were] certain, or substantially certain, that such distress would result from [their] conduct" or that their "conduct was so extreme and outrageous so as to exceed all possible bounds of decency and must regarded as atrocious, and utterly intolerable in a civilized community[.]"  See Hansson v. Scalise Builders of S.C., 650 S.E.2d 68, 70 (S.C. 2007) (internal quotation marks and citations omitted).  Consequently, Plaintiff has failed to show a genuine issue of material fact regarding her intentional infliction of emotional distress claim, and this objection is without merit.

Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge Austin's Report and Recommendation to the extent it is consistent with this opinion and incorporates it herein by reference.

It is therefore

---

[3] Yonce, Sky-Homes, and Lilly-Ammons argue that the court should not consider Plaintiff's amended objections and supplements to her objections due to their untimeliness. (Def. Reply to Am. Obj. 2-3, ECF No. 158.)  However, in light of Plaintiff's pro se status, the court will consider Plaintiff's amended objections and supplements to her objections.

**ORDERED** that Plaintiff's motion for summary judgment, docket number 121, is denied. It is further

**ORDERED** that Ingalls' motion to dismiss, docket number 122, is granted. It is further

**ORDERED** that Yonce, Sky Homes, and Lilly-Ammons' motion for summary judgment, docket number 123, is granted.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
April 14, 2020

## NOTICE OF RIGHT TO APPEAL

The Appellant is hereby notified that he has the right to appeal this order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.